**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:11-cv-01595-JLK-MJW

LEE ADAM VIGIL,

    Plaintiff,

v.

ARTURO JARAMILLO,

and

THE CITY OF WALSENBURG, COLORADO,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

    Plaintiff Lee Adam Vigil and Defendants Arturo Jaramillo and The City of Walsenburg, Colorado, by and through their undersigned counsel, have stipulated to the terms of this Order.  Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case**, IT IS ORDERED:**

**RECITALS & THRESHOLD GOOD CAUSE SHOWING**

    1.    Plaintiff has sued Defendant for a violation of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and under the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988. Defendants deny all liability on these claims.

    2.    Plaintiff has propounded discovery which involves the disclosure of confidential information, including Defendant Jaramillo's internal affairs and/or personnel records with personally identifiable information about his former co-employees, internal

affairs and/or personnel records of other current and former employees of the Walsenburg, Colorado, Police Department. Similarly, Defendants have propounded discovery seeking Plaintiff's medical and financial records, among other things, all of which normally are required to be maintained confidentially. A blanket protective order therefore is appropriate in this case, and a document-by-document showing is not required. *See Gillard v. Boulder Valley Sch. Dist. Re-2*, 196 F.R.D. 382, 386 (D. Colo. 2000).

3. Based on these recitals and the terms of disclosure that follow, the parties have agreed to this Stipulated Protective Order to facilitate the efficient production of information that the producing party may claim in good faith is entitled to confidential treatment, while at the same time protecting the parties' interests in the confidential treatment of that information and the full and fair disclosure of discoverable information in this action.

**DEFINITIONS AND TERMS**

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "Confidential" shall be information that is deemed by a party after a good-faith review by legal counsel to be confidential in that it implicates common law and/or statutory privacy interests, for instance, of (a) Arturo Jaramillo; (b) current or former City of Walsenburg, Colorado employees, (c) third

parties and/or (d) Plaintiff. Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case.

       4.      Any party to this action, after a good-faith review and determination that a document or other material contains confidential information, may designate that document or material as "Confidential" after entry of this Order by conspicuously stamping or labeling the document or material with the word "Confidential" or "Subject to Protective Order" or so indicating in the substance of the document, such as in discovery responses. Documents or material produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order. The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation in good faith, and, in that case, the material is treated as confidential only after being properly designated.

          a.      Parties to this action may in good faith designate deposition testimony as "Confidential" by advising opposing counsel of record, in writing, within 21 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes in good faith are confidential. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

          b.      In the case of mutually agreed upon joint witness interviews (should any be agreed to), by a statement of counsel during the interview in the presence of other counsel attending, if any, and, following the interview, by a letter to such counsel, if any, that such interview or any portion thereof is "Confidential."

          c.      In the case of any other production of discovery materials not otherwise specifically identified above, including, but not limited to, computer storage

devices, a written statement made by counsel of the designating party to counsel for the other parties to this action, that such discovery material or any portion thereof is "Confidential."

      d.    The parties to this Order may modify the procedures set forth in paragraphs 4(a)-(c) hereof through agreement of counsel on the record at such deposition or, in the case of an interview, in the presence of counsel attending such interview, without further order of the Court.

5.    Any documents or interrogatory answers that are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

    (a)    The parties or representatives of the City;

    (b)    Their counsel, counsel's legal and clerical assistants and staff;

    (c)    Persons with prior knowledge of the documents or the Confidential Information contained therein;

    (d)    Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

    (e)    Any independent document reproduction services or document or video recording and retrieval services;

    (g)    Deposition witnesses questioned by outside counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that such witness is advised of and agrees to be bound by the terms of this Order;

    (h)    An author or recipient of the Confidential Discovery Material to be disclosed,

        summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to assist counsel in the prosecution or defense of this action;

(i)     The claims counsel or representative of any insurer of any party to this action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this action; and

(j)     Any expert witness or outside consultant retained or consulted by the parties.

Counsel shall advise all persons to whom discovery materials are disclosed pursuant to this paragraph of the existence of this Order, and they shall agree to be bound prior to sharing this Confidential Information with them.

6.     A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within twenty (20) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

7.     This Order is binding upon the parties, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom

disclosure of discovery materials or testimony are limited pursuant to the terms of this Order. Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules Of Civil Procedure, or from filing a motion with respect to the manner in which confidential discovery material shall be treated at trial. This stipulation shall be binding on the parties prior to its entry as an Order. Should the Court not enter this stipulation as an Order, it shall remain binding upon the parties until such time as the Court enters a different protective order providing substantially similar protections to those contained in this stipulation.

8.      If a party wishes to use any confidential information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, the filing party shall make reasonable efforts to provide advance notice to the party who designated the information as Confidential in order to provide the designating party an opportunity to evaluate whether such information should be filed under seal under D.C. COLO. LCivR 7.2. In the event the filing party and the designating party cannot agree regarding the need to file the information under seal, it is the designating party's burden to file an appropriate motion to seal with the Court.      The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in depositions and the trial of this case. The parties do not waive any right to object at trial to the admissibility of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion *in limine* regarding the use of any such documents. Additionally, nothing in this Stipulated Protective Order is intended, nor shall it be construed, as either a waiver or an admission that any documents or information are admissible or contain either confidential, proprietary business information, or trade secrets. This Protective Order is simply a procedural framework to facilitate the discovery processes and/or provide protections concerning documents and information exchanged between and among the parties and non-parties in this case. No part of this agreement

shall be used in this action or any other action as evidence that any party has either waived or admitted to any claims solely by virtue of the act of designating documents or information as confidential.

9. Upon termination of this litigation, including any appeals, each Party's counsel may continue to hold the information confidential, may elect to destroy or return confidential information to the designating party. Further, the termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

11. The parties agree that in the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure.  Further, the parties agree that no recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

**IT IS SO ORDERED**.

DATED this <u>1st</u> day of December, 2011.

BY THE COURT:

<u>s/John L. Kane</u>
SENIOR U.S. DISTRICT JUDGE

APPROVED, November 30, 2011:

*s/Matthew S. Martin*
Matthew Scott Martin
Attorney for Plaintiff Lee Adam Vigil
503 N. Main St., Ste. 646
Pueblo CO 81001
Phone: 719-545-0027
email: matthew@mattmartinlaw.com

*s/ Marni Nathan Kloster*
Marni Nathan Kloster
Attorney for Defendant City of Walsenburg
Nathan, Bremer, Dumm & Myers, P.C.
3900 E. Mexico, Suite 1000
Denver, CO 80210
Phone: (303) 691-3737
email: mnathan@nbdmlaw.com

*s/Josh Marks*
Josh Marks
Attorney for Defendant Arturo Jaramillo
Berg, Hill, Greenleaf & Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302
Phone: (303) 402-1600
email: jam@bhgrlaw.com